UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS, | No. 2:21-cv-1749 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WARDEN FOLSOM STATE PRISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

I.   Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 9. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II.   Facts

While serving a state prison sentence, petitioner was convicted in the Del Norte County Superior Court of three separate in-prison crimes. ECF No. 1 at 5-6. The first conviction was for attempted murder, which is classified as a violent offense, and the subsequent convictions were for non-violent offenses. Id. at 6. Petitioner is currently in custody at the California State Prison, Sacramento. He challenges the California Department of Corrections and Rehabilitation's

1

determination that he is not eligible for 50% credit earning for his two non-violent offenses on the ground that under Proposition 57[1] all non-violent offenses are eligible for 50% credit earning. Id. Petitioner administratively grieved the matter, and unsuccessfully sought habeas relief in the California courts. Id. at 8-36.

### III. Jurisdiction

Pursuant to 28 U.S.C § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. Because petitioner is challenging only the manner in which his sentence is being executed and not the validity of the underlying criminal judgment from the Del Norte County Superior Court, this judicial district, where petitioner is currently confined, is the most appropriate forum for the instant action. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined." (citation omitted)).

### IV. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is not available for state law errors of any kind. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). A habeas petitioner must show that an alleged state sentencing error was "so arbitrary

---

[1] Proposition 57 added Article 1, Section 32 to the California Constitution. It states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

or capricious as to constitute an independent due process violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992). Proposition 57 addresses parole rather than sentencing per se, and the United States Constitution establishes no substantive right to parole or consideration for parole. Swarthout v. Cooke, 562 U.S. 216, 220 (2011).

Petitioner's Proposition 57 claim is not cognizable on federal habeas review because it presents a question of state law that does not implicate federal rights. Petitioner cannot transform a state law issue into a federal one by merely invoking due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The CDCR determined that because of how petitioner was sentenced for his non-violent offenses, his release credits were properly calculated at 20% under state law. The California superior court rejected petitioner's bid for increased credit earning under Proposition 57, ECF No. 1 at 35-36, and its interpretation of state law is not reviewable in this court, see Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) (state court's interpretation of state law is binding on federal habeas court). Because petitioner's challenge to his credit calculation was rejected by CDCR based on state law, and the result has been upheld as correct under state law, the denial of increased credit earning cannot have been arbitrary or capricious.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Because it plainly appears that the petitioner is not entitled to relief in the district court, the petition should be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 9, is GRANTED.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written

objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE